IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH SCRASE,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPH READER,<br><br>        Defendant.                  / | No. C 10-2108 CRB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

     Now pending before the Court is Defendant's Motion for Judgment on the Pleadings. For the reasons set forth below, Defendant's Motion is GRANTED, and the case is DISMISSED.

## BACKGROUND

**I.    The Currently Pending Action**

     The present action arose from a criminal proceeding that led to Plaintiff's conviction and incarceration. The Complaint alleges that Defendant, who was the District Attorney in the criminal proceeding, committed prosecutorial misconduct, suborned perjury, failed to impeach inconsistent witness testimony, and coerced Plaintiff into a guilty plea. Plaintiff alleges violations of her Constitutional rights and her right to a fair, unbiased trial.

**II.    The Previous Case Brought by Plaintiff**

     Plaintiff has already filed in this Court, against the same Defendant, a case virtually identical to this currently pending action. See Scrase v. Reader, 10-cv-01767 (N.D. Cal.

2010).  The previous case was dismissed and judgment was entered against Plaintiff for two reasons.  First, Defendant enjoyed prosecutorial immunity.  Second, Plaintiff did not and could not allege that her conviction was invalidated, which she was required to do to state a claim.

She filed this action less than two weeks after her prior suit was dismissed.

## DISCUSSION

### I. Plaintiff's Claims Are Barred by Res Judicata

All three elements of res judicata have been satisfied: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between the parties.  <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001).

### A. Identity of Claims

There is an identity of claims because "the two suits arise out of the same transactional nucleus of facts" - the state court criminal proceedings that led to Plaintiff's conviction and incarceration.  <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000) (internal citation omitted).  All of Plaintiff's claims and factual allegations in both actions are based on her state criminal proceedings, and, even further, the claims and allegations are virtually identical.  For example, both in the prior case and this case Plaintiff alleges, among other things, that (1) Defendant violated her Constitutional rights under Amendments I, V, and XIV; (2) Defendant suborned perjury, failed to impeach inconsistent witness testimony, and coerced Plaintiff into a guilty plea; and (3) Plaintiff was denied a fair, unbiased trial.

The only allegation that appears to be "new" in this action is that Defendant fabricated evidence.  However, the presence of this "new" allegation does not change the conclusion that there is an identity of claims because the two actions arose from the same criminal proceedings and, hence, from the "same transactional nucleus of facts."  <u>Frank</u>, 216 F.3d at 851.  Nor is this action different from the previous action because the present action is brought under Fed. R. Civ. P. 8(a)(2), whereas the previous action was brought under 42

1  U.S.C. § 1983.  There is still an identity of claims because the two actions arose from the
2  same criminal proceedings.¹  Id.

### B. Final Judgment on the Merits

In the previous action, the court dismissed Plaintiff's claims based on two independent and substantive rules of law.  (1) "Defendant, as a state prosecuting attorney, enjoys ... immunity from liability under 42 U.S.C. 1983...."  (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  (2) Plaintiff's conviction has not been invalidated and thus her claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  In addition, the court's judgment was final because it ended the litigation, was not tentative, and left nothing for the court to do but execute the judgment.  See generally 18 James Wm. Moore et al., Moore's Federal Practice § 131.30[2][a] (3d ed. 2010) (internal quotation marks and citations omitted).

### C. Identity of Parties

The parties in both cases are identical.

## II. Duplicative In Forma Pauperis Complaint

This case is also subject to dismissal for the independent and alternative reason that it is a duplicative in forma pauperis complaint.  See 28 U.S.C. § 1915(e)(2)(B)(i) (2006).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings and DISMISSES this case.

**IT IS SO ORDERED.**



Dated: September 21, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

¹ In any case, Rule 8(a)(2) sets forth a pleading standard; it does not create a cause of action. Thus Plaintiff's argument fails for the additional reason that there is no legally cognizable claim under Rule 8(a)(2) that can be different from a claim under 42 U.S.C. § 1983.

United States District Court
For the Northern District of California